IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| WHITNEY HANCOCK,<br>1650 Harvard Street, N.W., #504<br>Washington, DC 20009 | )<br><br>) | |
| on behalf of herself<br>and all others similarly situated, | )<br><br>) | |
| and | ) | |
| JAMIE WHITE,<br>4507c Hazeltine Court<br>Alexandria, VA 22312 | )<br><br>) | |
| on behalf of herself<br>and all others similarly situated, | )<br><br>) | Civil Action No.13-939<br>JURY TRIAL DEMANDED |
| Plaintiffs, | ) | |
| v. | )<br><br>) | |
| URBAN OUTFITTERS, INC.<br>5000 S. Broad Street<br>Philadelphia, PA 19112<br>SERVE:<br>  Richard Hayne, President<br>  5000 S. Broad Street<br>  Philadelphia, PA 19112 | )<br><br>)<br><br>)<br><br>)<br><br>) | |
| and | ) | |
| URBAN OUTFITTERS, INC.<br>3111 M Street, N.W.<br>Washington, DC 20007<br>SERVE:<br>  Corporation Service Company<br>  1090 Vermont Avenue, N.W.<br>  Washington, DC 20005 | )<br><br>)<br><br>)<br><br>)<br><br>) | |
| and | ) | |
| URBAN OUTFITTERS, INC.<br>737 7th Street, N.W.<br>Washington, DC 20001 | )<br><br>) | |

SERVE:                                          )
 Corporation Service Company
 1090 Vermont Avenue, N.W.                       )
 Washington, DC 20005
                                                 )
and
                                                 )
ANTHROPOLOGIE, INC.
5000 S. Broad Street                             )
Philadelphia, PA 19112
SERVE:                                           )
  Richard Hayne, President
  5000 S. Broad Street                           )
  Philadelphia, PA 19112
                                                 )
and
                                                 )
ANTHROPOLOGIE, INC.
3222 M Street, N.W., #M-301                      )
Washington, DC 20007
SERVE:                                           )
 Corporation Service Company
 1090 Vermont Avenue, N.W.                        )
 Washington, DC 20005
                                                  )
and
                                                  )
ANTHROPOLOGIE, INC.
950 F Street, N.W.                                )
Washington, DC 20004
SERVE:                                            )
 Corporation Service Company
 1090 Vermont Avenue, N.W.                         )
 Washington, DC 20005
                                                   )
        Defendants.
_____)

## CLASS ACTION COMPLAINT

Plaintiffs Whitney Hancock and Jamie White, by their attorneys Scott M. Perry, Mikhael

D. Charnoff and Perry Charnoff PLLC, for their class action complaint, allege as follows:

2

## <u>NATURE OF THE CASE</u>

1.      This action seeks to prohibit retail stores Urban Outfitters and Anthropologie from unlawfully requesting and obtaining consumers' private identification information, and seeks damages for this unlawful act.  Specifically, Urban Outfitters and Anthropologie (collectively, the "Retailers") request and collect the customer's ZIP code when a customer chooses to use a credit card to make a purchase.  The Retailers ask the customer for this information under the guise that it is required when a customer makes a purchase with a credit card.  However, ZIP codes are not required when using a credit card.  To the contrary, District of Columbia law forbids retailers from requesting or collecting such Consumer Identification Information during credit-card transactions.

2.      The Retailers can use the ZIP codes for their own pecuniary benefit, including by engaging in direct marketing campaigns without customers' permission.  The Retailers can do this, *inter alia,* by matching the customers' names with their ZIP codes to identify the customers' home/business address via commercially available databases.  Thus, once the customer provides his/her ZIP code, the Retailers have all the information they need to secretly obtain customers' home/business address.

3.      The Retailers -- owned as a single publicly-traded corporation called Urban Outfitters, Inc. -- know or should know that District of Columbia law prohibits merchants from requesting or collecting Consumer Identification Information when they choose to pay by credit card.  D.C. Code § 47-3153(a), entitled "Use of consumer identification information in connection with credit card payments," provides:

> (a) Except as provided in subsection (b) of this section, no person shall, as a condition of accepting a credit card as payment for a sale of goods or services, request or record the address or telephone number of a credit card holder on the credit card transaction form.

3

(b)  A person may record the address or telephone number of a credit card holder if the information is necessary for the shipment, delivery, or installation of consumer goods, or special orders of consumer goods or services

D.C. Code § 47-3153(a).

4.     Pursuant to D.C. Code § 47-3154, any consumer whose Consumer Identification Information is obtained in violation of Section 3153 shall be entitled to actual damages or $500, whichever is greater, as well as to injunctive relief.

5.     The Retailers also know, or should know, that the District of Columbia Consumer Protection Act ("DCCPA"), D.C. Code §28-3900 et seq., makes it illegal, whether a consumer is in fact misled, deceived or damaged thereby, to: (1) "misrepresent a material fact which has a tendency to mislead;" (2) "fail to state a material fact if such failure tends to mislead;" or (3) "use deceptive representations . . ." in connection with the sale of consumer goods.   D.C. Code §28-3904(e), (f) & (t).

6.     Pursuant to D.C. Code § 28-3905(k)(1), each violation of the DCCPA is subject to $1,500 or treble damages, whichever is greater, as well as injunctive relief, punitive damages and attorneys' fees.  Moreover, the DCCPA remedies are cumulative and in addition to remedies or penalties provided by other law.  *See id*. at (k)(2).

## JURISDICTION AND VENUE

7.     Jurisdiction is proper under 28 U.S.C. § 1332(d) pursuant to the existence of minimal diversity, the existence of more than 100 class members, and an amount in controversy greater than $5 million.

8.     Venue is proper in this Court because the claims asserted are violations of District of Columbia law, and all violations occurred in the District of Columbia.

## PARTIES

9.      Plaintiff Whitney Hancock is an adult resident of the District of Columbia

10.     Plaintiff Jamie White is an adult resident of the Commonwealth of Virginia.

11.     Defendant Urban Outfitters, Inc. is a publicly-traded Pennsylvania corporation with its principal place of business located in Pennsylvania.  Urban Outfitters, Inc. owns and operates various brands via retail stores and direct-to-consumer marketing, such as e-commerce and traditional catalogues.  Two of these brands are Defendants Urban Outfitters and Anthropologie.  Urban Outfitters, Inc. operates two Urban Outfitters stores, and two Anthropologie stores, in the District of Columbia.

12.     Defendant Anthropologie, Inc. is a Pennsylvania corporation with its principal place of business located in Pennsylvania.  Upon information and belief, Anthropologie is wholly owned by Defendant Urban Outfitters, Inc.

## FACTUAL ALLEGATIONS

13.     As long ago as 1991, the District of Columbia Council became concerned by merchants who improperly and unnecessarily obtained Consumer Identification Information when consumers made purchases using non-cash sources such as personal checks and credit cards.

14.     The Committee Report describing the District's concerns -- authored by the Chairman of the D.C. Committee on Consumer & Regulatory Affairs -- found  that "merchants have developed check acceptance policies and credit card sales policies that invade consumer privacy and expose consumers to potential credit fraud."  The Report further noted that "[t]he policies of Visa, Mastercard and American Express prohibit a merchant from refusing a sale to a

customer who is paying by bankcard simply because he or she refuses to provide a telephone number or address."

15.    As a result, the D.C. Council passed D.C. Code § 47-3153, which made such activities illegal in the District of Columbia.  This merchant activity has been unlawful in the District of Columbia for at least 16 years.

16.    Urban Outfitters, Inc. describes itself as a "lifestyle specialty retail company" that owns and manages several brands, including Urban Outfitters and Anthropologie.  2012 Urban Outfitters 10-K, Annual Report, at 1 (hereinafter "Annual Report").

17.    Urban Outfitters targets young adults, ages 18 to 28.  It describes it target customer as "culturally sophisticated, self-expressive and concerned with acceptance by their peer group."  Annual Report, at 2.

18.    Anthropologie targets "sophisticated and contemporary" women, ages 28-45.  *Id.*

19.    In describing the two brands, Chief Executive Officer Richard Hayne has been quoted as stating:   "The Urban customer, we always talk about, is the upscale homeless person, who has a slight degree of angst and is probably in the life stage of 18 to 26 … The Anthropologie customer is a bit more polished, a bit more older and she has much less angst … She tends to be a homeowner and she tends to be in a relationship and more likely than not, married with children.[1]

20.    Given these narrow demographics, and its highly competitive market, Urban Outfitters, Inc.'s profitability is dependent on generating repeat business.  As Urban Outfitters, Inc. notes, "[a]long with certain retail segment factors . . . other key competitive factors for our

---

[1]  Sapna Maheshwari, *The Entertaining and Cringe-Inducing Ways Urban Outfitters Describes Its Customers to Wall Street,* (2013), www.buzzfeed.com/sapna/the-entertaining-and-cringe-inducing-ways-urban-outfitters-describes-its-customers-to-wall-street.

direct-to-consumer operations include the success or effectiveness of customer mailing lists . . . ."  Annual Report at 8.

21.     Among the mechanisms that Urban Outfitters, Inc. relies upon is its state-of-the-art cash registers referred to as point-of-sale register systems.  They are "connected by a digital subscriber line (DSL) network to [its] home offices."  *Id.*  As Urban Outfitters, Inc. states, "[t]hese systems provide for register efficiencies, timely customer checkout *and instant back office access to register information*, as well as daily updates of sales, inventory data and price changes."  *Id.* (emphasis added).

22.     As a 2013 Forbes.com article, titled "Never Give Stores Your ZIP Code.  Here's Why." explains, once a retailer has a customer's name (indicated on the credit card), and their ZIP code, it can determine their address.[2]  One commercially available product, called GeoCapture, explains the simplicity of the process: "Users simply capture [sic] name from the credit card swipe and request a customer's ZIP code during the transaction.  GeoCapture matches the collected information to a comprehensive consumer database to return an address."  *Id.*

**URBAN OUTFITTERS REQUESTS AND COLLECTS**
**PROHIBITED CONSUMER IDENTIFICATION INFORMATION**

23.     On June 5, 2013, Plaintiff Jamie White purchased an item of clothing at the Urban Outfitters retail store located at 3111 M Street, N.W., Washington, D.C.

24.     Ms. White chose to pay by credit card.

25.     Urban Outfitters uses a credit-card-swipe machine located next to its point-of-sale register.

26.     After swiping her credit card in the swipe machine, the cashier asked Ms. White for her ZIP code.

---

[2] *See* Adam Tanner, *Never Give Stores Your Zip Code.  Here's Why.*, www.forbes.com/sites/adamtanner/2013/6/19.

27.     Ms. White provided her ZIP Code to the cashier.

28.     The cashier then entered Ms. White's ZIP code into Urban Outfitters, Inc.'s point-of-sale register, *not* into the credit-card-swipe machine.

29.     On June 5, 2013, at a different time, Plaintiff Jamie White made a second clothing purchase.

30.     This time, a different cashier ran up Ms. White's purchase.

31.     Again, Ms. White chose to pay by credit card.  She followed the same process, swiping her credit card through the swipe machine.

32.     Again, after swiping her card, the cashier asked Ms. White for her Zip code.

33.     When she provided her ZIP code, the cashier again entered the ZIP code into the point-of-sale register, *not* into the credit card swipe machine.

### ANTHROPOLOGIE REQUESTS AND COLLECTS
### PROHIBITED CONSUMER IDENTIFICATION INFORMATION

34.     On May 24, 2013, Plaintiff Whitney Hancock purchased an item at the Anthropologie retail store located at 3322 M Street, N.W., Washington, D.C.

35.     She chose to pay by credit card.

36.     Anthropologie uses a credit card swipe machine located next to its point-of-sale register.

37.     After swiping her credit card in the swipe machine, the cashier asked Ms. Hancock for her ZIP code.

38.     Ms. Hancock provided her ZIP Code to the cashier.

39.     The cashier then entered Ms. White's ZIP code into the point-of-sale register, *not* into the credit card swipe machine.

40.     As seen by Ms. White's and Ms. Hancock's three experiences in two different retail stores, Defendants employ a corporate policy by which their employees are trained to ask for customer's ZIP codes in the District of Columbia when customers choose to pay by credit card, and then to enter that information into Defendant's point-of-sale register.

41.     Defendants know, or should know, that it is illegal in the District of Columbia to ask for a consumer's ZIP code when the consumer chooses to pay by credit card.

## CLASS ACTION ALLEGATIONS

42.     Plaintiffs bring this action, individually, and pursuant to Federal Rule of Civil Procedure 23(b)(3) and Local Rule 23.1, on behalf of  a class of persons who bought merchandise from the Defendants in the District of Columbia via credit card, and whose ZIP codes were requested or recorded by Defendants.

43.     The class period commences three years prior to the filing of this Complaint and continues through entry of final judgment.

44.     The action is brought as a class for the following reasons:

   a.   The Class consists of thousands of consumers, and therefore is so numerous that joinder of all members is impracticable;

   b.   The Plaintiffs are adequate representatives of the Class because they, like all members of the Class, were illegally asked to provide their ZIP codes upon purchasing Defendants' merchandise with a credit card, and they have no interest adverse to the Class;

   c.   The Plaintiffs will fairly and adequately protect the interests of the Class;

   d.   The common questions of law and fact include whether: (i) Defendants violated D.C. Code § 47-3151, 3153 and 3154, as well as the DCCPA, D.C.

Code § 28-3901, *et seq.*; (ii) Defendants illegally made as a condition of accepting credit cards for payment of goods the provision of Class members' ZIP codes; (iii) Defendants illegally requested Class members' ZIP codes; (iv) Defendants illegally recorded Class members' ZIP codes; (v) Defendants used the Class members ZIP codes to determine their home or business addresses; (vi) Defendants sent unsolicited mailings or other material to Class members or exposed them to potential identity fraud; (vii) Defendants' actions constitute misrepresentations as to material facts that have a tendency to mislead; (viii) Defendants failed to state a material fact that tends to mislead; (ix) Defendants used deceptive representations; (x) Class members are entitled to statutory or other damages for the Defendants' violations; (xi) Defendants should be enjoined from continuing to collect ZIP codes when consumers use credit cards; and (xii) other common questions of law and fact.

e. Plaintiffs have retained counsel experienced in class and complex litigation;

f. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would create incompatible standards of conduct for Defendants;

g. Defendants have acted in a way that applies generally to the Class by, *inter alia*, collecting ZIP codes;

h. A class action is superior to other available methods of adjudication because: (i) absent this Class action, the Class, as a practical matter, will be unable to obtain relief, and the Defendants' illegal actions will continue, causing harm to other consumers; (ii) pursuing individual actions would cause a substantial

hardship for most members; (iii) once the liability of the Defendants is

determined, the Court will be able to determine the damages of all members of

the Class; (iv) a Class action will allow for orderly and expeditious resolution

of the claims; (v) this action presents no difficulties that would impede

management by the Court as a class action; (vi) Defendants have acted

generally toward the Class in such a way that class-wide relief is appropriate;

and (vii) it is desirable to concentrate the litigation of these claims in this

forum because the acts complained of took place in this district.

## **FIRST CAUSE OF ACTION**
### (Violation of D.C. Code §47-3153 & 3154)

45.     Plaintiffs incorporate all prior allegations as if stated herein.

46.     D.C. Code § 47-3153 provides that:

    (a) Except as provided in subsection (b) of this section, no person
shall, as a condition of accepting a credit card as payment for a sale
of goods or services, request or record the address or telephone
number of a credit card holder on the credit card transaction form.

    (b) A person may record the address or telephone number of a credit
card holder if the information is necessary for the shipment,
delivery, or installation of consumer goods, or special orders of
consumer goods or services.

47.     Defendants are "persons" under Section 3153 who accept credit cards as payment

for sales of goods.

48.     When a consumer uses a credit card at Defendants' stores in the District of

Columbia, the Defendants' employees request the consumer's ZIP code.  The employees then

enter the consumer's ZIP code into the Defendants' point-of-sale register.

49.     A consumer's ZIP code is part of his/her address.

50.     District of Columbia law prohibits merchants such as Defendants from requesting or recording customers' addresses.

51.     With the combination of the consumer's name (from the credit card) and the ZIP code, Defendants are able to identify the consumer's full home or business address.

52.     D.C. Code § 47-3154 provides that:

> (a) Any person aggrieved by a violation of § 47-3152 or § 47-3153 shall be entitled to institute an action to recover actual damages or $500, whichever is greater, and for injunctive relief against any person who has engaged in any act in violation of this chapter.

> (b) In the event the aggrieved party prevails, reasonable attorney's fees and costs may be awarded in addition to any damages awarded.

53.     The Class members are aggrieved by the Defendants when they ask for customer's ZIP code when payment is made by credit card.  They are further aggrieved because the Defendants' illegal storage of this Consumer Identification Information puts the Class members at risk of identity fraud.  They are further aggrieved by Defendants' actions because the Class members' privacy has been unlawfully invaded.

54.     The Consumer Identification Information law creates a protected privacy interest in consumers' addresses.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class, respectfully request that the Court enter judgment against the Defendants as follows:

(a)  Certifying this action as a class action;

(b)  Awarding statutory damages of $500 to each member of the Class;

(c)  Enjoining Defendants from requesting and collecting ZIP codes when consumers choose to pay for goods by credit card;

(d)  Awarding reasonable attorneys' fees and costs; and

(e)  Awarding such other relief as the Court deems appropriate.

## SECOND CAUSE OF ACTION

(Violation of District of Columbia Consumer Protection Act, §28-3901 et seq.)

55.     Plaintiffs incorporate all prior allegations as if stated herein.

56.     The DCCPA makes it illegal for the Defendants, whether or not a consumer is in fact misled, deceived or damaged thereby to: (a) misrepresent as to a material fact which has a tendency to mislead; (b) fail to state a material fact if such failure tends to mislead; or (c) use deceptive representations in connection with the sale of goods.

57.     The DCCPA allows a person to bring an action to enforce the Act on behalf of himself and Class members.

58.     Any person that violates the DCCPA is subject to: (a) treble damages or $1500 per violation, whichever is greater; (b) reasonable attorneys' fees; (c) punitive damages; and (d) an injunction against the use of the unlawful practice.

59.     The remedies provided under the DCCPA are cumulative and in addition to other penalties or remedies provided by law.

60.     The Defendants are "persons" under the DCCPA.

61.     The Defendants have violated the DCCPA by engaging in the illegal behavior described in this Complaint.

62.     By asking for a consumer's ZIP code when the consumer chooses to pay by credit card, the Defendants are misrepresenting a material fact that has a tendency to mislead; that provision of a ZIP code is necessary to complete the transaction.

63.     By asking a consumer for a ZIP code when a credit card is used without disclosing that the provision of a ZIP code is optional, not necessary to complete the transaction

and that Defendants are prohibited from requesting it, the Defendants are failing to state material facts that have a tendency to mislead.

64.     By asking for ZIP codes when credit cards are used without disclosing that such information is optional and that such request is prohibited by law, or by implying that such information is necessary to complete the transaction, Defendants are using deceptive representations in connection with the sale of goods.

65.     Each time that Defendants' employees have asked for or recorded a consumer's ZIP code when the consumer chooses to pay by credit card, they have committed a separate violation of the DCCPA, subjecting them to a penalty of treble damages or $1500, whichever is greater.

66.     Defendants' corporate policy whereby Defendants train and require that their District of Columbia employees ask credit-card-paying consumers for their ZIP codes is in direct contravention to District of Columbia law.

67.     Defendants intentionally and/or with reckless disregard for the law, have perpetuated this corporate policy despite knowing, or being on constructive notice, that it violates District of Columbia law.  This amounts to willful, wanton and reckless conduct.

WHEREFORE, Plaintiffs, individually, and on behalf of the Class, respectfully request that the Court enter judgment against the Defendants as follows:

(a)  Certifying this action as a class action;

(b)  Awarding statutory treble damages or $1500, whichever is greater, for each and every violation of the DCCPA during the Class period;

(c)  Awarding punitive damages;

(d) Enjoining Defendants from collecting ZIP codes when consumers choose to pay

for goods by credit card;

(e)  Awarding reasonable attorneys' fees and costs; and

(f)  Awarding such other relief as the Court deems appropriate.


Respectfully submitted,

PERRY CHARNOFF PLLC

__/s/ Scott M. Perry_____
Scott M. Perry (#459841)
Mikhael D. Charnoff (#476583)
2300 Wilson Boulevard, Suite 240
Arlington, VA 22201
P: (703) 291-6650
F: (703) 563-6692
scott@perrycharnoff.com
mike@perrycharnoff.com


Plaintiffs request a trial by jury.

__/S/_____
Scott M. Perry